IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| TORRIE NASH,<br><br>           Plaintiff,<br><br>v.<br><br>CHECKR, INC.,<br><br>           Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Torrie Nash ("Plaintiff") brings this action on an individual basis, seeking statutory and other damages against Defendant Checkr, Inc. ("Checkr") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Defendant Checkr has produced and sold consumer reports concerning Plaintiff's background that wrongfully reported felony convictions that are not attributable to Plaintiff.

6. As a result of Checkr's wrongful reporting, Plaintiff was damaged by, without limitation, loss of employment, suffering harm to her employment qualifications, loss of income, and considerable stress and anguish.

**PARTIES**

7. Plaintiff is a natural person and resident of the State of Florida and qualifies as a "consumer" as defined and protected by the FCRA.

8. Defendant Checkr, Inc. is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant Checkr is a Delaware corporation that maintains its primary place of business at 1 Montgomery Street, San Francisco, California 94104.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of

Florida and violated Plaintiff's rights under the FCRA in the State of Florida as alleged more fully below.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11. Sometime prior to October of 2023, Plaintiff applied for employment as a driver-partner for Lyft. As part of his application, Plaintiff agreed to be subject to regular consumer background checks by Defendant.

12. On or around October 3, 2023, Plaintiff received a pre-adverse action notice from Lyft, indicating that that his employment was in jeopardy due to the results of a consumer report provided by Defendant.

13. The report provided by Defendant to Lyft, dated October 3, 2023, designates Plaintiff's employment consideration status as "consider". Upon information and belief, the sole basis for this designation is based on the results from the report's criminal "county searches" section.

14. The report listed a criminal incident from Cook County, Illinois (Case No. 1994CR0533701) (the "701 Case"). The entry listed felony convictions for possession of a stolen vehicle and burglary, including a 5-year jail sentence.

15. Plaintiff was shocked, embarrassed and horrified, as this criminal record has nothing to do with him. Another individual was arrested for a burglary and provided the authorities Plaintiff's personal information. However, Plaintiff had filed a report with appropriate police department who confirmed that his fingerprints do not match the individual associated with this

crime in or around 2004. Emphatically, Plaintiff has <u>never</u> been sentenced to serve time by a Cook County court.

16. Accordingly, on or about October 11, 2023, Plaintiff intiated a dispute with Checkr, indicating that this erroneous and defamatory information was not associated with him, that he had never been convicted of these felony crimes and demanding that Checkr remove and/or correct this misinformation.

17. On or about October 25, 2023, Checkr responded to Plaintiff, indicating that it had confirmed the inaccuracy of this record and providing an updated report which removed the 701 Case information. Shortly thereafter, on or about October 28, 2023, Plaintiff received confirmation from Lyft that he could begin employment.

18. However, damage was already done.

19. As a direct result of Defendant's inaccurate reporting, Plaintiff has been harmed.

20. Because of the inaccurate information provided to Plaintiff's prospective employer by Defendant, Plaintiff's was precluded from working with Lyft from approximately October 3 to October 28 and lost out on substantial income.

21. As a direct result, Plaintiff has suffered distress and mental anguish due to the ensuing loss in income, the frustration that another's wrongdoing continues to haunt him and the damage to his reputation from having this inaccurate and defamatory case information distributed to potential employers, as if he is a convicted felon.

22. It is patently inaccurate and/or materially misleading to report another individual's felony record on Plaintiff's report.

23. Upon information and belief, had Defendant not erroneously and inaccurately reported another individual's felony conviction on Plaintiff's background reports, Plaintiff would not have been precluded from his employment with Lyft for weeks.

24. Upon information and belief, Defendant fails to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

25. Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting more information is more profitable than reporting less and potentially leaving information off of a consumer report.

26. For example, upon information and belief, Defendant allowed an inaccurate case record to appear on Plaintiff's consumer report without first confirming the accuracy with the actual court or court records, which are readily and publicly available.

27. Defendant regularly seeks out and procures criminal case information with the intention of including it in the consumer reports it sells for profit.

28. Instead of employing reasonable procedures as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own employment screening products.

29. Alternatively, upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy

30. Defendant, a sophisticated employment screening consumer reporting agency, is aware that criminal information is often inaccurate or incomplete.

31. Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile criminal data from various online sources without verifying its accuracy with actual court records.

32. Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

33. Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with and/or utilizing reliable third-party vendors.

34. Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

35. Upon information and belief, Defendant has been sued by consumers under the FCRA in the past for erroneously reporting inaccurate criminal records.

36. Therefore, Defendant has notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

37. Upon information and belief, Defendant knew that the furnisher or third-party vendor provides inaccurate consumer data with some regularity.

38. Upon information and belief, Defendant blindly relied on the information provided by the furnisher or third-party vendor despite having reason to know it may be unreliable.

39. Upon information and belief, Defendant does not maintain reasonable procedures to assure it reports consumer information with maximum possible accuracy because it would be more expensive to independently verify the accuracy of the information it includes in its consumer reports.

40. It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate consumer reporting with grave consequences.

41. Despite knowing that its procedures are unreasonable, Defendant recklessly, knowingly, and/or negligently fails to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

42. Upon information and belief, Defendant does not independently investigate the information it procures from third-party vendors before including it in consumers' background reports.

43. Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

44. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

45. Defendant knows that its services are used to make significant consumer decisions.

46. Upon information and belief, Defendant know or should have known that employers make decisions on employment decisions on employment status based solely on the information contained in its consumer reports.

47. Upon information and belief, Defendant knew or should have known the negative impact that reporting a consumer's inaccurate criminal record was likely to have on that consumer's employment status.

48. Upon information and belief, Defendant purchases public record information from third-party vendors.

49. Upon information and belief, those third-party vendors explicitly disclaim the accuracy of the information they provide to Defendant.

50. Upon information and belief, Defendant reports and publishes the information provided by the third-party vendors without verifying its accuracy.

51. Upon information and belief, Defendant knows or has reason to know that the third-party vendors it procures consumers' information from often provides inaccurate, misleading, and incomplete records.

52. Upon information and belief, Defendant reports and publishes unverified public records information without employing reasonable procedures to assure its accuracy because employing such procedures would cut into its profits.

53. At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

54. As a direct result of Defendant's conduct, Plaintiff was delayed in his employment with Lyft.

55. As a direct result of Defendant's conduct, Plaintiff lost out on income for approximately 3 weeks.

56. As a further direct result of Defendant's conduct, Plaintiff suffered mental distress, including humiliation, embarrassment, and considerable stress from his loss in income and the defamatory harm to his reputation.

57. As a direct result of Defendant's inaccurate and/or misleading reporting, Plaintiff has suffered actual damages including, but not limited to: job denial, loss of income, wasted time, financial insecurity, defamatory harm to his reputation and emotional distress, including but not limited to, humiliation, embarrassment, stress, frustration, and mental anguish.

58. Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

59. Additionally, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1781o.

60. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## CAUSES OF ACTION

### COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681e

61. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

62. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

15 U.S.C. § 1581e(b) (emphasis added).

63. Checkr violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

64. Specifically, Checkr willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by inaccurately and/or misleadingly reporting the 701 Case even though that criminal record does not belong to Plaintiff.

65. Checkr's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein.

66. Checkr is therefore liable to Plaintiff for its willful and/or negligent failures to follow reasonable policies and procedures.

67. As a result of Checkr's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i. Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii. Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii. Awarding any other such relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: December 4, 2023

By:   /s/ Joseph Kanee
Joseph H Kanee, Esq.
MARCUS & ZELMAN, LLC
4000 Ponce De Leon, Suite 470
Coral Gables, Florida 33146
(786) 369-1122 telephone
(732) 298-6256 facsimile
joseph@marcuszelman.com

*Attorney for Plaintiff*